UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOSEPH ALEX, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-14-0261 |
| | : | |
| SUPERINTENDENT WAYNE J. | : | (Judge Caldwell) |
| GAVIN, *et al.*, | : | |
| | : | |
| Respondents | : | |

*M E M O R A N D U M*

I.   *Introduction*

Petitioner, Anthony Joseph Alex, a state prisoner at the Mahanoy State Correctional Institution in Frackville, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims the Pennsylvania Board of Probation and Parole (the Board) violated his due process rights by revoking his unexecuted grant of parole and then denying him parole for "unconstitutional reasons." (Doc. 1, Pet.)

For the following reasons, the Petition will be denied as moot.

II.  *Standard of Review*

A challenge to the denial of parole is cognizable under 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001)(jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254, rather than § 2241).

On a habeas challenge to the denial of parole, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id.* at 944; *see also Bridge v. U.S. Parole Comm'n*, 981 F.2d 97 (3d Cir. 1992).

III.   *Background*

In 1999, Alex pled guilty to Indecent Assault Without Consent in the Northumberland County Court of Common Pleas. *See Commonwealth v. Alex*, CP-49-CR-0280-1999 (Pa. Ct. Com. Pl. Northumberland Cnty.)(Dkt. Sheet);[1] *see also* Doc. 18-1, Ex. 1, ECF pp. 2- 7. He was sentenced to a minimum of nine days and a maximum of eleven months and twenty-nine days' incarceration. (*Id.*)

On August 28, 2002, Alex pled guilty to Corruption of Minors and sentenced to a period of three months fifteen days to twenty-three months of incarceration. *See Commonwealth v. Alex*, CP-49-CR-0054-2002 (Pa. Ct. Com. Pl. Northumberland Cnty.)(Dkt. Sheet); *see also* Doc. 18-1, Ex. 2, ECF pp. 8-16.

In January 2008, Alex pled guilty to Criminal Attempt - Incest, Endangering the Welfare of Children, and Indecent Assault of a Person less than Sixteen Years of Age.

---

[1]   A copy of the docket sheets cited in this memorandum are available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

*See Commonwealth v. Alex*, CP-49-CR-0197-2007 (Pa. Ct. Com. Pl.  Northumberland Cnty.)(Dkt. Sheet); *see also* Doc. 18-1, Ex. 3, ECF pp. 17-27.  He was sentenced to state prison and received a cumulative sentence of two-and-one-half years to seven years' incarceration for these offenses.  This is the sentence Alex is presently serving.  His current minimum and maximum sentence dates are December 16, 2010, and December 16, 2016, respectively.  Doc. 18-1, Ex. 4, ECF pp. 28-31.

Alex was reviewed by the Board on September 23, 2010, and again on February 2, 2012.  (*Id.*, ECF pp. 33-37).  He was refused parole on both occasions.  (*Id.*)  On December 29, 2012, the Board granted him parole.  (*Id.*, ECF pp. 39 - 42).  Among the conditions governing the Board's grant of parole was the requirement that:

> [Alex] SHALL NOT DIRECTLY OR INDIRECTLY HAVE CONTACT WITH VICTIM(S), OR VICTIM'S FAMILIES, INCLUDING CORRESPONDENCE, TELEPHONE CONTACT, OR COMMUNICATION THROUGH THIRD PARTIES WITHOUT PRIOR WRITTEN PERMISSION OF SUPERVISION STAFF – MANDATORY.

(*Id.*, ECF p. 42).  The Board's Notice of Decision advised Alex that its decision

> WILL NOT TAKE EFFECT UNTIL [HE] SIGNED THE CONDITIONS (PBPP-11), AND THE RELEASE ORDERS (PBPP-10) HAVE BEEN ISSUED.   YOU REMAIN UNDER THE JURISDICTION AND CONTROL OF THE DEPARTMENT OF CORRECTIONS UNTIL YOU HAVE SIGNED THE PBPP-11, AND THE PBPP-10 HAS BEEN ISSUED.

(*Id.*)

On March 13, 2013, the Board rescinded its December 29, 2012, grant of parole "due to misconduct."  (*Id.*, ECF p. 44).

On September 27, 2013, the Board refused Alex parole.  (*Id.*, ECF p. 46).

The reasons for the Board's decision included the following:

> YOUR INSTITUTIONAL BEHAVIOR, INCLUDING REPORTED MISCONDUCTS.
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.
>
> YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.
>
> OTHER FACTORS DEEMED PERTINENT IN DETERMINING THAT YOU SHOULD NOT BE PAROLED; YOUR LACK OF INSIGHT TO PROGRAM PARAMETERS.

(*Id.*)

Petitioner did not file an action in the Commonwealth Court of Pennsylvania challenging the March 13, 2013, decision rescinding the grant of parole or the September 27, 2013, parole refusal.  (Doc. 18, ECF p. 3).

On April 13, 2015, Alex filed a civil-rights action pursuant to 42 U.S.C. § 1983 asserting that members of the Board violated his First and Fourteenth Amendment rights when rescinding his grant of parole and denying him parole in retaliation for his filing of lawsuits against a Department of Corrections staff member.  *See Alex v. Barkley*, 1:15-CV-0754 (M.D. Pa.) (Caldwell, J.).  In his Complaint in that matter, he admits that following the Board's revocation of his unexecuted grant of parole he was considered for parole on September 27, 2013, and again on March 20, 2015.  (Doc. 1, ECF p. 3).  He was denied parole on both occasions.  (*Id.*)

-4-

IV.   *Discussion*

The Board rescinded its December 29, 2012, grant of parole and then on September 27, 2013, refused Alex parole.  Alex argues the Board's actions were unconstitutional and retaliatory.  While his habeas petition was pending, on March 20, 2015, the Board again considered Alex for parole.

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction which requires that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed."  *Arizonians for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d. 43 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)).  Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Alex's § 2254 petition was filed prior to his March 20, 2015 parole hearing.  Therefore, his challenge to the Board's denial of parole prior to its most recent decision is moot.  As noted, the only relief we can grant would be a new parole hearing and

since Alex admits he received a new hearing (albeit an  unsatisfactory one) since the filing

of his habeas petition, his challenge to the denials of parole before the March 2015

decision is now moot.  *See Rollins v. Kerestes*, No. 13-7473, 2015 WL 418154 (E.D. Pa.

Jan. 30, 2015) (habeas challenge to prior parole refusals became moot after new parole

decision was issued, only most recent parole denial reviewed); *Coles v. Folino*, 12-0238,

2014 WL 5685547(W.D. Pa. Nov. 14, 2014) (habeas petition challenging parole denials is

moot where petitioner received subsequent parole hearing); *Lusik v. Sauers*, No. 13-2627,

2014 WL 3746528 (E.D. Pa. July 30, 2014) (same); *Marcelo v. Cate*, 459 F. App'x 668, 668

(9th Cir. 2011)(nonprecedential)("Marelo received a new parole hearing . . . and has been

released on parole . . . the case is moot."); *Hunter v. Bledsoe*, No. 10-0137, 2011 WL

4830172 (M.D. Pa. Oct. 12, 2011) (habeas petition challenging denial of parole rendered

moot because the petitioner was granted a rehearing); *Wolfe v. DiGulielmo*, No. 06-5261,

2008 WL 544645, at *6 (E.D. Pa. Feb. 28, 2008) (where appropriate relief for parole denials

would be a new hearing, challenge to prior denial is moot when petitioner has received a

new hearing); *Williams v. PBPP*, 2008 WL 5120073 (E.D. Pa. Dec. 2, 2008) (finding claims

challenging parole denials prior to the most recent denial moot); *DeFoy v. McCullough*,

2007 WL 2903922, at *5 (W.D. Pa. Sept. 28, 2007) (finding claims challenging parole

denials prior to the most recent denial moot).

   In sum, when Alex participated in the March 2015 new parole hearing, he

received the relief he was potentially entitled to in his habeas petition.  Thus, his Petition is

moot.

VI.   *Certificate of Appealability Denied*

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealabilitly (COA), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).  Based on the analysis in this memorandum, there is no basis for the issuance of a COA.

VII.   *Conclusion*

Based on the foregoing discussion, the petition for writ of habeas corpus will be denied.  Petitioner is advised that he has the right for thirty (30) days to appeal the court's Order denying his habeas petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the United States

Court of Appeals for the Third Circuit.  *See* Fed. R. App. P. 22(b); Local Rule of Appellate

Procedure 22.1.

An appropriate Order follows.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date:  December 7, 2015